1   MICHAEL E. BREWER, Bar No. 177912
    JILL A. FUKUNAGA, Bar No. 202238
2   LITTLER MENDELSON
    A Professional Corporation
3   Treat Towers
    1255 Treat Boulevard, Suite 600
4   Walnut Creek, CA 94597
    Telephone:   925.932.2468
5   Facsimile:   925.946.9809
    mbrewer@littler.com
6   jfukunaga@littler.com

7   Attorneys for Defendant
    OFFICE DEPOT, INC.
8
    ADAMS, NYE, TRAPANI, BECHT LLP
9   DAVID J. BECHT (Bar No. 104208)
    MICHAEL SACHS (Bar No. 235048)
10  MYTHILY SIVARAJAH (Bar No. 252494)
    222 Kearny Street, 7th Floor
11  San Francisco, CA 94108-4521
    Telephone:   415.982.8955
12  Facsimile:   415.982.2042
    dbecht@adamsnye.com
13  msachs@adamsnye.com
    msivarajah@adamsnye.com
14
    Attorneys for Plaintiff
15  DANIEL IMPEY

16                UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA

18                 SAN FRANCISCO DIVISION

19

20  DANIEL IMPEY, an individual,          Case No.  C 09-01973 EDL

            Plaintiff,                    **STIPULATION AND ~~[PROPOSED]~~**
21                                        **PROTECTIVE ORDER**

22          v.

23  THE OFFICE DEPOT, INC., and DOES 1-   Trial Date:  September 27, 2010
    100, inclusive,
24
            Defendant.
25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

CASE NO. C 09-01973 EDL

WHEREAS, the parties herein agree that the proceedings in the above-entitled action may involve the production of financial and/or other information that either party or a third party considers to be sensitive, confidential and/or proprietary; and

WHEREAS, the parties herein have read and understand the Court's Standing Order on Confidential and Sealed Documents and agree to abide by its terms;

THEREFORE, IT IS HEREBY STIPULATED by and among the undersigned parties, through their counsel of record, as follows:

1.     This Stipulation and Protective Order and the Order ("Order") issued thereon shall govern all documents and discovery materials produced within the context of this litigation.

2.     As used herein, the term "counsel of record" shall mean the attorneys of record in this proceeding, their partners and associates, paralegals, clerks, assistants and other persons employed by such attorneys, all of whom shall be bound by the provisions of this Order.

3.     In connection with discovery proceedings in this action, any party to this action (hereinafter the "designating party") shall have the right to designate any document, thing, material, testimony, or other information derived therefrom, as CONFIDENTIAL INFORMATION under the terms of this Order, CONFIDENTIAL INFORMATION is information that the designating party reasonably believes to constitute confidential or proprietary information and/or trade secrets relating to its business and/or information in which the party or third parties have a privacy interest.   In accordance with the Court's Standing Order on Confidential and Sealed Documents, prior to designating any specific information as CONFIDENTIAL INFORMATION, the designating party shall make a good faith determination that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure.

4.     Any party who objects to the designation of material as CONFIDENTIAL INFORMATION shall notify the designating party in writing of that objection, specifying the designated material to which the objection is made.  The parties shall, within 10 days of service of the written objection, meet and confer concerning the objection.  If the objection is not resolved at the meeting, the objecting party may proceed in good faith to challenge the designation in a timely manner.  All documents designated CONFIDENTIAL INFORMATION pursuant to this Order shall

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

CASE NO. C 09-01973 EDL                        2.          STIPULATION AND [PROPOSED] PROTECTIVE
                                                           ORDER

1   remain confidential until any such motion by the objecting party is granted and the Court declares

2   that the designated material is not subject to the protection of this Order. The party making the

3   designation shall have the burden of establishing the confidential nature of the designated material

4   and that it is entitled to protection under applicable law. If no such motion is filed within 45 days

5   after the parties "meet and confer" as provided above, the material will be deemed conclusively

6   subject to the protection of this Order for purposes of discovery.

7        5.   Persons receiving CONFIDENTIAL INFORMATION shall not reveal to or

8   discuss such information with any person who is not entitled to receive such information and shall

9   not use such information for any purpose other than for the prosecution or defense of this action.

10        6.   As used herein, the term CONFIDENTIAL INFORMATION shall refer to:

11        (a)   Any documents (including any portions thereof and any information

12   contained therein) designated to be confidential by any party and which has had stamped or affixed

13   thereon the word "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of

14   any multi-page document shall designate all pages of the document as confidential, unless otherwise

15   indicated by the designating party.

16        (b)   All deposition testimony, including oral testimony, deposition

17   transcripts and the information contained therein, shall initially be treated as CONFIDENTIAL

18   INFORMATION and be included within the terms of this Order without the necessity of designating

19   the testimony as CONFIDENTIAL INFORMATION. Upon transcription of the deposition, counsel

20   shall have 20 days after receipt of the transcript to notify the deposition reporter and other counsel of

21   record in writing of the portions of the transcript designated as confidential. Depositing the written

22   notice in the United States mail within such twenty 20 days shall be deemed timely compliance with

23   this requirement. All other portions, or the entire transcript if no designation is made, shall not be

24   confidential and shall not be within the terms of this Order. Alternatively, the parties may agree

25   during any deposition that a part or all of the testimony shall be designated as CONFIDENTIAL

26   INFORMATION. The parties may agree that the transcript of the designated testimony shall be

27   bound in a separate volume and marked "CONFIDENTIAL" by the reporter. Alternatively, the

28   parties may agree that part of the testimony is Confidential without having that designated part

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

CASE NO. C 09-01973 EDL             3.      STIPULATION AND [PROPOSED] PROTECTIVE
ORDER

1    transcribed in a separate volume.

2                    (c)    CONFIDENTIAL INFORMATION does not include any information

3    or documents lawfully obtained or produced by a party outside of the context of discovery in this

4    litigation.  However, nothing in this Order shall affect the rights of any party to enforce any rights it

5    may have regarding the confidentiality of documents and other information disclosed or transferred

6    to another party or person prior to the institution of the present litigation.

7             7.    CONFIDENTIAL INFORMATION shall be disclosed only to:

8                    (a)    The Court and its personnel in this litigation;

9                    (b)    The jury;

10                   (c)    Any party, or an officer, director, or employee of a party to the extent

11   deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this

12   action;

13                   (d)    Experts and/or consultants (together with their staff) retained by

14   counsel of record on behalf of the parties;

15                   (e)    Counsel of record and the respective personnel of the law firms as set

16   forth in paragraph 2;

17                   (f)    Court reporter(s) and their staff employed in this action;

18                   (g)    During their depositions, witnesses in the action to whom disclosure is

19   reasonably necessary.  For those witnesses who are under the control of either Party, that party must

20   assure that the witness signs the Confidentiality Agreement that is attached hereto as Exhibit A.  If a

21   non-party witness is not under the control of either party, both parties shall attempt to have the

22   witness execute the Confidentiality Agreement that is attached hereto as Exhibit A. Under no

23   circumstances shall this agreement prevent a party from deposing a witness and utilizing all relevant

24   documents simply because the witness has refused to sign that the Confidentiality Agreement that is

25   attached hereto as Exhibit A.;

26                   (h)    The Mediator (and his/her staff) who has been mutually agreed upon

27   by the parties; and

28                   (i)    Any other person(s) as to whom the parties agree  pursuant to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

CASE NO. C 09-01973 EDL                    4.          STIPULATION AND [PROPOSED] PROTECTIVE
                                                        ORDER

1    paragraph 10.

2           8.     If counsel for any party should conclude that, for the purpose of this action,

3    such party needs to disclose any CONFIDENTIAL INFORMATION, or information derived

4    therefrom, to any person not described in paragraph 7 of this Order, counsel for such party must

5    request permission from counsel for the designating party in writing and state the purpose of the

6    disclosure.  If the designating party objects to the proposed disclosure, no such disclosure shall be

7    made unless the Court, upon motion and for good cause shown, orders otherwise.  However, each

8    party may disclose its own CONFIDENTIAL INFORMATION without regard to this Order unless

9    otherwise under an existing duty to another person not to do so.

10          9.     CONFIDENTIAL INFORMATION shall be treated as confidential by all

11   persons to whom such information may be disclosed and shall be used by all such persons solely for

12   the prosecution, defense, or settlement of this action.

13          10.    Except for those described in paragraph 7 (a) through (h), any person to whom

14   the CONFIDENTIAL INFORMATION may be shown pursuant to this agreement shall first be

15   shown and read a copy of this Stipulation and Order and shall agree in writing to be bound by its

16   terms by signing a copy of the Confidentiality Agreement attached hereto as "Exhibit A."

17          11.    Upon final termination of this action, each party shall promptly assemble and

18   return all CONFIDENTIAL INFORMATION, including all copies thereof, to the designating party

19   or to such other party which produced the CONFIDENTIAL INFORMATION in this action upon

20   the written request of the party seeking return of the material.   The party to whom such

21   CONFIDENTIAL INFORMATION is returned shall acknowledge receipt of such material in

22   writing.  Counsel for parties shall be entitled to keep an archive copy of the CONFIDENTIAL

23   INFORMATION.

24          12.    Counsel shall consult in good faith prior to the filing of any papers with the

25   court that include material designated as CONFIDENTIAL INFORMATION by another party, or

26   information derived therefrom.   The parties will determine whether the party who made the

27   CONFIDENTIAL designation desires the filing to be under seal.  If the party designating the

28   material as CONFIDENTIAL desires it to be filed under seal, the party seeking to file such material

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

CASE NO. C 09-01973 EDL                    5.           STIPULATION AND [PROPOSED] PROTECTIVE
                                                        ORDER

with the Court shall secure an order from the Court permitting such filing in accordance with Local Rule 79-5 of the Civil Local Rules, Northern District of California (or the applicable Rules in effect at the time), and this Court's Standing Order on Confidential and Sealed Documents. All CONFIDENTIAL INFORMATION lodged with the court in support of such a motion shall be submitted in accordance with the requirements of the applicable Local Rules and the aforementioned Standing Order.

13.    This Stipulation and Order does not constitute a waiver of any party's rights to object to discovery on any grounds. This Stipulation and Order does not constitute an admission by any party that any information that it or any opponent designates as CONFIDENTIAL INFORMATION is in fact proprietary information and/or a trade secret, and/or information in which a party or third parties have a privacy right. Notwithstanding the foregoing, all parties to this Stipulation reserve all trade secret, proprietary information, and/or privacy objections with respect to materials they believe may be encompassed in a discovery request.

14.    Notwithstanding the provisions of paragraph 13, above, where a party believes that a third party or parties have a privacy interest in CONFIDENTIAL INFORMATION, that party may, in place of or in addition to producing such CONFIDENTIAL INFORMATION pursuant to the terms of this Stipulation and Order, meet and confer with other counsel to attempt to limit the information produced or the use of the information so as to balance the privacy interests of the third parties with the interest of the party seeking the material. In the event the parties are unable to agree on terms for the production and use of the CONFIDENTIAL INFORMATION, the matter may be submitted to the Court, either by way of motion for protective order or to compel responses to discovery, so that the Court can make an appropriate order balancing the privacy rights of the third parties with the needs of the parties for the information in prosecuting or defending the lawsuit.

15.    This Order is not intended to govern the use of CONFIDENTIAL INFORMATION at any trial of this action. Questions of the protection of such material during trial will be presented to the Court prior to trial.

16.    If another court or administrative agency subpoenas or orders production of CONFIDENTIAL INFORMATION that a party has obtained under the terms of this Order, such

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

CASE NO. C 09-01973 EDL                6.        STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1    party shall promptly notify the designating party of the pendency of the subpoena or order and shall

2    not produce the CONFIDENTIAL INFORMATION until the designating party has had reasonable

3    time to object or otherwise to take appropriate steps to protect the material.  The designating party

4    shall have such reasonable time as long as such time does not extend beyond the time provided to the

5    party who receives the subpoena or order for production of CONFIDENTIAL INFORMATION to

6    comply with said subpoena or order.

7           17.    The parties agree that any CONFIDENTIAL INFORMATION they may

8    provide to one another after the execution of this Stipulation by counsel, but before the signing and

9    entering of the Order by the Court, shall have the same protection as it would if it were produced

10   after the signing and entry of the Order.

11          18.    This Order shall not prevent any of the parties from moving this Court for an

12   order that CONFIDENTIAL INFORMATION may be disclosed other than in accordance with this

13   Order.  This Order is without prejudice to the right of any party to seek modification of it from the

14   Court.  It shall remain in effect until such time as it is modified, amended, or rescinded by the Court.

15   The Court shall have continuing jurisdiction to modify, amend, or rescind this Order notwithstanding

16   the termination of this action.

17          19.    This Stipulation may be signed in counterparts.

18

19   Dated: December __4__, 2009

20                                                MICHAEL E. BREWER
                                                 JILL A. FUKUNAGA
21                                               LITTLER MENDELSON
                                                 Attorneys for Defendant
22                                               OFFICE DEPOT, INC.

23

24   Dated: December __4__, 2009

25                                                DAVID J. BECHT
                                                 MICHAEL SACHS
26                                               MYTHILY SIVARAJAH
                                                 ADAMS, NYE, TRAPANI, BECHT LLP
27                                               Attorneys for Plaintiff
                                                 DANIEL IMPEY

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

CASE NO. C 09-01973 EDL                    7.      STIPULATION AND [PROPOSED] PROTECTIVE
                                                   ORDER

1

## ORDER

2          IT IS SO ORDERED.

3

4     Dated:  December 10     , 2009

*Elizabeth D. Laporte*
_____
5                                              ELIZABETH D. LAPORTE
                                               United States Magistrate Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

CASE NO. C 09-01973 EDL                    8.        STIPULATION AND [PROPOSED] PROTECTIVE
                                                     ORDER

**EXHIBIT A**

**Impey v. Office Depot, Inc.**

CERTIFICATION RE STIPULATION AND PROTECTIVE ORDER

I have read the Stipulation and Protective Order concerning CONFIDENTIAL INFORMATION, and I have been advised by counsel pursuant to paragraph 5 thereof that I may not divulge or disseminate any CONFIDENTIAL INFORMATION or confidential information derived therefrom covered by said Stipulation and Protective Order to any other person or entity who is not defined therein. I understand that pursuant to said Stipulation and Protective Order, I may not divulge any such information to any other person or entity.

Furthermore, I agree to submit personally to the jurisdiction of the above Court and I waive all objections I may have concerning the Court's jurisdiction, including personal jurisdiction, or competence to determine whether the Stipulation and Protective Order has been violated and whether sanctions should be imposed upon me, including contempt of Court, or upon any entity.

Dated: _____     Signed: _____

                                    Print Name: _____

                                    Address: _____

                                             _____

                                             _____

Firmwide:93070477.2 063095.1003

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

CASE NO. C 09-01973 EDL              9.      STIPULATION AND [PROPOSED] PROTECTIVE ORDER