**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                        NORTHERN DISTRICT OF CALIFORNIA

9

10

DANIEL IMPEY,

11
                Plaintiff,                              No. C-09-01973 EDL

12
        v.                                      **ORDER GRANTING IN PART AND DENYING**
13                                              **IN PART MOTION TO CONTINUE TRIAL**
THE OFFICE DEPOT, INC.

14
                Defendant.
15   _____/

16          On February 9, 2011, this case was set for a pre-trial conference on August 9 and trial on

17   September 6. On July 14, Defendant moved for a continuance of the trial date to either September 12

18   or October 17.  This Court agreed to decide the motion on shortened time on the papers, and ordered

19   the parties to address exactly how much time they anticipate needing for trial, and whether they

20   would consider stipulating to have another judge of this District take the jury's verdict if

21   deliberations continue past September 22, when the Court becomes unavailable.

22          Defendant seeks a continuance of the trial date, which has been set for over five months,

23   because it is the day after Labor Day and an attorney assigned to the case on April 1 has pre-existing

24   travel plans. While Defendant states some confusion about whether the trial was going to proceed on

25   September 6 due to communications with the clerk's office, the Court never ordered a continuance

26   of the September 6 trial date, trial was always set for the day after Labor Day, and the attorney with

27   the conflict was substituted in on April 1, well after the trial date was set.  Thus, Defendant's

28   showing of good cause for a continuance at this late date is weak.

**United States District Court**

For the Northern District of California

1      Plaintiff opposes the motion because he believes trial will take a minimum of 10 and perhaps

2  15 days for trial and because he has listed 22 witnesses in his pre-trial papers.  The Court set a 10

3  day limit on trial in its case management order after consultation with the parties, no good cause has

4  been shown for increasing the length of trial and the Court does not believe that more than 10 days is

5  required to try this case.  Regarding Plaintiff's witnesses, Defendant points out that nine of

6  Plaintiff's witnesses are listed on the same topic so some of them may well be excluded as

7  duplicative.  Further, of the remaining 13 witnesses, 11 overlap with Defendant's witnesses so this

8  will cut down on the time required.

9      In light of the foregoing, the Court Orders that trial of this matter shall be limited to ten court

10  days.  The allocation and schedule of these ten court days will be determined at the pre-trial

11  conference.  Trial shall begin on September 6, 2011 as scheduled. On September 6, jury selection

12  will be conducted and opening statements will be presented, but no client representatives or other

13  witnesses need to be present and no witness testimony will be taken.  There will be no trial on

14  September 7, and witness testimony will begin on September 8.  This will allow witnesses and client

15  representatives to travel two days after the Labor Day holiday if they prefer, and will provide ten

16  days for trial and two days for jury deliberation with Judge Laporte available.  Should the jury

17  deliberate beyond September 22 when the Court becomes unavailable, another judge will accept the

18  verdict.

19

20  **IT IS SO ORDERED.**

21

22

23  Dated: July 20, 2011

24  _____

25      ELIZABETH D. LAPORTE
       United States Magistrate Judge

26

27

28