United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL IMPEY,

        Plaintiff,

  v.

THE OFFICE DEPOT, INC.

        Defendant.

_____/

No. C-09-01973 EDL

**ORDER FOLLOWING PRE-TRIAL CONFERENCE**

On August 9, 2011, the Court held a pretrial conference in this case. For the reasons stated at the conference and in this Order, the Court orders as follows.

<u>TRIAL SCHEDULE AND PROCEDURE</u>

1. Trial in this case will begin on September 6, 2011 at 9:00 a.m. The first day of trial will consist of "mini opening statements" (five minutes or less), jury selection, opening statements, and reading of the preliminary jury instructions. Counsel shall report to the courtroom no later than 8:30 a.m.

2. Generally, the trial schedule shall be from 9:00 a.m. to 4:00 p.m. with two 15 minute breaks and a 45 minute lunch. Counsel shall arrive by no later than 8:30 a.m. to set up and discuss any outstanding issues with the Court outside of the presence of the jury.

3. Plaintiff shall have 22 hours of trial time to present his case, and Defendant shall have 15 hours of trial time to present its defense. The trial shall be completed (at least as to everything except, if necessary, presentation of evidence of Office Depot's financial condition for consideration of punitive

damages, which has been bifurcated), and the case turned over to the jury by no later than Friday, September 16, 2011.

4. The parties agree that the jury will consist of eight jurors and no alternates.

5. The parties shall meet and confer on an agreed-upon jury questionnaire and provide an electronic copy of the questionnaire to the Court by no later than August 12, 2011. If possible, the questionnaire will be presented to the jury during an early hardship screening the week before trial begins. If this is not possible, the questionnaire will be presented to the jury the morning of September 6, 2011. The parties shall also meet and confer on what, if any, modifications to the agreed-upon voir dire questions are necessary in light of the jury questionnaire. The parties shall provide the Court with blind electronic copies of the jury questionnaire and the voir dire questions.

6. The parties shall meet and confer and submit a joint, neutral statement of the case to be read to the jury during voir dire.

7. The parties agree that during jury selection, each side will be able to exercise three peremptory challenges and three "for cause" challenges to take place outside of the presence of the jury.

WITNESSES AND EVIDENTIARY OBJECTIONS

1. Defendant's objection to eight of Plaintiff's non-expert witnesses (Bob Harris, Sherly Vallot, Emma Millan, Charles Coleman, Serafin Miranda, Jaime Riblett, Rick Larson, and Vivian Fernandez) is SUSTAINED, and Plaintiff shall not call these witnesses at trial.

2. The parties shall meet and confer regarding Defendant's objections to Plaintiff's exhibits, and determine which exhibits will be withdrawn. The parties will notify the Court by no later than Friday, August 12, 2011 of the results of this meet and confer effort.

3. The parties shall meet and confer to reach a stipulation summarizing Mr. Impey's earlier performance evaluations so that Plaintiff need not introduce each of his performance evaluations as a separate exhibit.

4. The parties shall meet and confer regarding Defendant's objections to Plaintiff's designation of various portions of the deposition of Cheryl Coulombe. Defendant will confer with Ms. Coulombe to determine whether she will appear voluntarily for Plaintiff's case. The parties will notify the Court by no later than Friday, August 12, 2011 of the results of this meet and confer effort.

5.   Defendant's objections to Exhibits 3 through 7 of Ms. Coulombe's deposition, its responses to discovery requests, is OVERRULED.

MOTIONS IN LIMINE

1.   The Court rules on the parties' Motions in Limine as follows:

   a.   Plaintiff's Motion in Limine to exclude evidence of non-discrimination of two similarly situated employees is DENIED.

   b.   The Court requires further briefing before ruling on Defendant's Motion in Limine 1 to exclude Plaintiff's evidence of claims of discrimination by other employees. Plaintiff shall file a brief of no more than ten pages by Friday, August 12, explaining who made the other alleged claims of discrimination and how they are similar to Plaintiff's claims such that the evidence could be admissible as appropriate "me too" evidence and where this information was previously disclosed. Defendant shall have until August 26, 2011 to respond to Plaintiff's brief.

   c.   Defendant's Motion in Limine 2 to exclude evidence of its financial condition is GRANTED as unopposed.

   d.   Defendant's Motion in Limine 3 to exclude evidence of statements made during settlement or mediation is GRANTED.

   e.   Defendant's Motion in Limine 4 to exclude evidence of conduct that occurred more than one year prior to Plaintiff's administrative charge is DENIED.

   e.   Defendant's Motion in Limine 5 to exclude opinion evidence of Jose Felix's qualifications is GRANTED as unopposed.

   f.   Defendant's Motion in Limine 6 to exclude non-party witnesses from viewing the trial is GRANTED as unopposed.

   g.   Defendant's Motion in Limine 7 to exclude evidence of the Dublin store not being certified as a training store is DENIED.

   h.   Defendant's Motion in Limine 8 to exclude evidence of the Court's prior rulings on pre-trial motions is GRANTED as unopposed.

   i.   Defendant's Motion in Limine 9 to exclude evidence of Plaintiff's expert Barry Ben-Zion's "tax neutralization" theory is DENIED.

j. Defendant's Motion in Limine 10 to exclude evidence or argument to establish Plaintiff's claim for punitive damages is DENIED. However, the Court may reconsider its position on this issue on a Rule 50 motion after all of the evidence is presented.

k. Defendant's Motion in Limine 11 to exclude evidence of Plaintiff's previous payment of meal period penalties to employees is DENIED.

l. Defendant's Motion in Limine 12 to exclude evidence of Defendant's decision not to involve Greg Lindo or the loss prevention department in its investigation of Plaintiff is DENIED.

m. Defendant's Motion in Limine 13 to exclude evidence of Plaintiff's economic damages due to his failure to mitigate is DENIED.

JURY INSTRUCTIONS

1. The Court shall adopt the parties' jointly proposed jury instructions with a few limited exceptions discussed during the pre-trial conference and below.

2. The parties agree that Ninth Circuit Model Jury Instruction 2.8 (Impeachment Evidence-Witness) is unnecessary and shall not be read unless it becomes necessary during trial.

3. The parties agree that CACI Form Instruction 3904B as well as its Worksheet and Table A shall not be presented to the jury.

4. The parties agree that the following additional instructions proposed by the Court may be read to the jury: Ninth Circuit Model Jury Instruction 3.4 (Additional Instructions of Law); CACI Form Instruction 221 (Conflicting Expert Testimony); and "Prohibition on Use of Electronic Technology."

5. The parties shall meet and confer on a modification to Ninth Circuit Model Jury Instruction 1.3 (Burden of Proof - Preponderance of the Evidence) to include additional information on which issues this instruction relates to.

6. The parties shall meet and confer on a dispute over CACI Form Instruction 3962, which was previously jointly proposed, and Plaintiff's newly proposed CACI Form Instruction s 2400 and 2407 that he contends should be given instead. The parties will notify the Court by no later than Friday, August 12, 2011 of the results of this meet and confer effort.

7. The parties shall meet and confer regarding two additional or alternative instructions proposed by the Court relating to "Compensatory Damages - Proof/Measure of Types of Damages" and an alternative to the parties' jointly proposed instruction on punitive damages which includes the names

1. of individuals whom Plaintiff's claims may subject Office Deport to punitive damages. The parties will notify the Court by no later than Friday, August 12, 2011 of the results of this meet and confer effort and whether they will agree to these additional or alternative instructions.

8. The parties shall meet and confer regarding two additional procedural instructions proposed by the Court that would allow for interim jury deliberations when all jurors are present during trial, and would allow jurors to propose questions for witnesses during trial. The parties will notify the Court by no later than Friday, August 12, 2011 of the results of this meet and confer effort and whether they will agree to these additional instructions.

9. The Court will not read Defendant's proposed Special Instructions 1 through 9 to the jury. However, the Court will read Plaintiff's proposed alternative instead: "You are not being asked to determine the wisdom of Office Depot's business decisions. It does not violate California law for an employer to make decisions adverse to an employee for a reason that is incorrect or even mistakenly believed to be correct, as long as the decision is not a violation of law." The Court will also advise the jury that 'Conjecture and speculation do not constitute evidence."

10. The Court will not read Plaintiff's proposed Special Instruction 2 to the jury. The parties shall meet and confer regarding Plaintiff's Special Instruction 1, and particularly whether the title of the instruction should be included in the information given to the jury.

VERDICT FORM

1. The parties shall meet and confer regarding their dispute over the verdict form, and specifically whether it should include a place for the jury to name the individual or individuals, if any, whose conduct gives rise to an award of punitive damages. The parties will notify the Court by no later than Friday, August 12, 2011 of the results of this meet and confer effort and submit an electronic blind copy of any agreed-upon verdict form.

12. The parties shall meet and confer on a joint proposal for a subset of the substantive jury instructions to be given to the jury at the beginning of the trial. The parties will notify the Court by no later than Friday, August 12, 2011 of the results of this meet and confer effort and provide the Court with

a copy of this subset of instructions.

**IT IS SO ORDERED.**

Dated: August 11, 2010

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge