UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL IMPEY,

        Plaintiff,

  v.

THE OFFICE DEPOT, INC.

        Defendant.

_____/

No. C-09-01973 EDL

**SECOND ORDER FOLLOWING PRE-TRIAL CONFERENCE**

Following the August 9, 2011 pretrial conference in this case, the Court issued a pre-trial Order requiring the parties to meet and confer regarding various outstanding issues. On August 12, the parties updated the Court on the status of their meet and confer efforts and apprised the Court of certain unresolved issues. This Order addresses those remaining issues.

**1.    Trial Schedule and Procedure**:

- The parties submitted a jury questionnaire and modified voir dire questions. Both of these submissions are acceptable, subject to minor modifications to be discussed with the parties, and the Court will administer them as appropriate. The Court will administer the questionnaire to potential jurors in conjunction with a hardship screen prior to September 6. The parties will be required to deliver a sufficient number of copies of the questionnaire to the Court in advance of this date, and will also be required to have a representative on hand to make copies of the questionnaires once they are completed if the parties wish to have

copies for review. The parties will be notified of the date of the hardship screen and questionnaire administration as soon as it is set.

- The parties submitted a "Final Joint Neutral Statement of the Case" that will be read to the jury during voir dire and as part of the preliminary jury instructions.

**2.    Witnesses and Evidentiary Exhibits**:

a.    Plaintiff has withdrawn his Exhibits 2-3, 5, 20, 25, 27, 41-42, 156, 166-188, and 190 as well as the first two pages of Exhibit 163 and a portion of Exhibit 189. Plaintiff has submitted an Amended Trial Exhibit List. Defendant has withdrawn its "relevance" objections to Mr. Impey's performance evaluations (Exhibits 6, 18, 19, 21, 24, 26, 38, 39, 134) but reserves the right to object as Plaintiff seeks to introduce them at trial. Defendant maintains its previous objections to the remaining Exhibits. The Court will issue a separate Order ruling on Defendant's remaining objections.

b.    Defendant has agreed to withdraw its Exhibits UU-WW and KKK-LLL but has not yet filed a withdrawal and amended Exhibit List. Defendant shall file a withdrawal and amended Exhibit List within three days of the date of this Order. Plaintiff maintains his objections to Defendant's Exhibits XX (MMPI-2 Outpatient Mental Health Report) and YY (MCMI-III Million Clinical Multiaxial Inventory III Interpretive Report). The Court will issue a separate Order ruling on Plaintiff's remaining objections.

c.    Defendant's objections to Plaintiff's designations of several portions of the deposition of Cheryl Coulombe are MOOT in light of Ms. Coulombe's agreement to appear voluntarily for Plaintiff's case on September 13 or 14.

**3.    JURY INSTRUCTIONS**

The parties have met and conferred and come up with an agreed-upon set of jury instructions, subject to a limited number of existing disagreements. The Court will issue these agreed-upon instructions to the jury. The following issues remain to be resolved with respect to jury instructions:

- The parties disagree over whether the jury should be allowed to conduct interim deliberations (modified Instruction 1.12) and pose questions of witnesses (Instruction 1.15). The Court finds that the latter will further the efficiency and fairness of the

trial, and Orders that Instruction 1.15 will be read to the jury as part of the preliminary instructions at the outset of trial.

- The Court previously ordered the parties to meet and confer on a joint proposal for a subset of the substantive jury instructions to be given to the jury at the beginning of the trial and provide the Court with a copy of this subset of instructions. The parties provided a set of preliminary instructions, but these instructions are procedural and no substantive instructions were provided. The parties shall jointly notify the Court of which substantive instructions they believe are appropriate to be issued at the outset of trial within three days of the date of this Order.

- The parties have omitted previously agreed-upon Instruction 2.11 (Expert Opinion), and the Court finds that this instruction is appropriate and shall be administered to the jury.

- The parties have omitted previously agreed-upon CACI Instruction 2433 (Wrongful Discharge in Violation of Public Policy-Damages). It is unclear whether this was a deliberate omission. The parties should notify the Court at their earliest convenience whether they agree to instruct or not instruct the jury on this issue.

**4.     VERDICT FORM**: There is an existing dispute over whether the verdict form provided to the jury should contain a space to name the individual or individuals, if any, whose conduct the jury believes gives rise to an award of punitive damages. The verdict form provided to the Court at this time does not contain a space to name individuals. The Court will resolve this dispute prior to providing the jury with a verdict form following the presentation of evidence.

**IT IS SO ORDERED.**

Dated: August 22, 2011

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge