UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL IMPEY,

        Plaintiff,

v.

THE OFFICE DEPOT, INC.

        Defendant.
_____/

No. C-09-01973 EDL

**ORDER ON OBJECTIONS TO DEFENDANT'S EXHIBITS XX AND YY AND A PORTION OF PLAINTIFF'S EXHIBIT 189**

        Following the August 9, 2011 pretrial conference in this case, the Court requested additional briefing on Plaintiff objections to Defendant's Exhibits XX (MMPI-2 Outpatient Mental Health Report) and YY (MCMI-III Million Clinical Multiaxial Inventory III Interpretive Report). The same reports are contained in Plaintiff's Exhibit 189, so similar analysis applies for both. In its August 24 Order, the Court noted that these documents appear to be mental health test results, but they are anonymous so the Court cannot determine their relevance or how they would be used at trial from the face of the documents, and ordered the parties to file a brief statement as to whether these reports pertain to Plaintiff and what use the parties intend to make of them at trial. The parties agree that the reports pertain to Plaintiff, were administered by Defendant's expert, Dr. Greene, and were relied on by Dr. Greene and Plaintiff's expert, Dr. Berg.

        Plaintiff does not object to Dr. Greene and Dr. Berg's reliance on the reports in forming their opinions, but contends that the reports themselves are inadmissible hearsay and overly prejudicial. See Fed. R. Evid. 703 ("The facts or data in the particular case upon which an expert bases an

opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect."). Plaintiff further contends that the exhibits should be excluded because there is no qualified expert to interpret the reports. He argues that Dr. Greene is not qualified to testify about the reports directly because he relied on another doctor's interpretation of the results in forming his opinion, and testified that he has "not been trained in interpreting psychological testing." Sivarajah Decl. Ex. A at 25-26. Finally, Plaintiff argues that the reports are redundant and cumulative of the experts' testimony and would be confusing to a jury so should be excluded under Rule 403.

Defendant counters that the documents should be admitted because they will be used to show what the experts relied on in forming their opinions. Defendant contends that the documents are not inadmissible hearsay because they are admissions by a party opponent under Rule 801(d)(2) and statements for purposes of medical diagnosis or treatment under Rule 803(4), and that a determination of their probative value under Rule 703 should be evaluated after the experts' testimony.

The Court agrees with Plaintiff that the reports themselves may be redundant and cumulative of the experts' testimony or possibly prejudicial, but believes that a determination of the relative probative value of the reports is premature at this time. Therefore, the Court DEFERS ruling on these objections until after the testimony of the parties' respective experts.

**IT IS SO ORDERED.**

Dated: August 31, 2011

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge